IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

UNITED STATES OF AMERICA

VS.                              4:06CR00182(4) JMM/JTR

MARLAN SHAWN MOBLEY

### ORDER

On May 11, 2006, the Court entered an Order Setting Conditions of Release for Defendant, including home incarceration with electronic monitoring and submission to random drug testing. (Docket entry #32.) Petitioner's Pretrial Services Officer ("PSO") subsequently submitted a Petition advising the Court that, on June 8, 2006, Defendant's urine tested positive for marijuana metabolite. Although Defendant denied any marijuana usage, he agreed to attend drug education classes at the Family Service Agency in North Little Rock, Arkansas, beginning on July 6, 2006. Importantly, the Pretrial Services Officer recommended no further action, other than Defendant's referral for drug education classes.

In response to the PSO's Petition, the Government has filed a Motion to Revoke Bond. In this Motion, the Government argues that, because Defendant has not acknowledged a drug problem, drug education classes are a waste of government money that otherwise "ought to be wasted by housing the defendant in jail." (Docket entry #44.)

While the Court fully appreciates the logic behind the Government's Motion, it will defer to the recommendation of the PSO and deny the Government's Motion. Although the PSO does not state Defendant's complete drug testing history, it appears that the positive test on June 29, 2006, was his first positive for drug use. While the Court is troubled by Defendant's denial of usage, in

light of the positive test, his willingness to enter the treatment program, when offered, suggests an acknowledgment of a drug problem. Thus, the Court will follow the recommendation of Defendant's Pretrial Services Officer and allow Defendant to remain free on conditions, which now include out-patient drug treatment.

Although Defendant's bond will not be revoked at this time, the Court cautions Defendant that, *if he has any more positive drug tests,* the Court will have no alternative except to detain Defendant. If Defendant's drug problem is so great that he requires more than outpatient treatment to avoid continued drug use, he should *immediately* contact his PSO and request inpatient drug treatment. If Defendant continues with only outpatient treatment and again tests positive for drugs, the Court will not consider a belated request by Defendant for inpatient drug treatment, since at that point Defendant's only motivation for seeking inpatient treatment will be to avoid going to jail, rather than a sincere acknowledgment that he has a serious drug problem and genuinely wants to receive the intensive treatment necessary to break his addiction to drugs. Defendant's counsel is directed to contact Mr. Mobley and read this Order to Mr. Mobley word-for-word and explain to him the consequences of any future positives for using drugs while on pretrial release.

IT IS THEREFORE ORDERED that the Government's Motion to Revoke Bond (docket entry #44) is DENIED.

IT IS SO ORDERED this 12th day of July, 2006.

                                                                                                                                                   _____
                                                                                 UNITED STATES MAGISTRATE JUDGE