**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

UNITED STATES OF AMERICA

VS.                                        4:06CR00182-4 JMM/JTR

MARLON SHAWN MARBLEY

### ORDER MODIFYING CONDITIONS OF PRETRIAL RELEASE

Defendant has filed a Motion to Modify Conditions of Release.  (Docket entry #46.)  For the

reasons stated herein, the Motion will be granted.

On May 11, 2006, the Court entered an Order Setting Conditions of Pretrial Release which

specified, among other things, that Defendant was restricted to home incarceration, including

electronic monitoring. (Docket entry #32.) In his Motion, Defendant represents that he is attempting

to obtain gainful employment, but that the conditions of home incarceration have prevented him

from finding employment.  Thus, Defendant requests modification of his conditions so that he can

find work.

The Government states that it has no objection to Defendant working while on electronic

monitoring, but points out that Defendant has presented no evidence that he, in fact, has a job, or any

of the specifics of his employment. (Docket entry #47.)  Of course, unless Defendant is allowed to

leave his home to look for a job, it will be difficult or impossible for him to locate employment.

Defendant's Pretrial Services Officer ("PTSO") has orally informed the Court that Defendant

has performed well on home incarceration and that he has no objection to Defendant leaving the

home for a few hours a day (Monday through Friday) to seek employment.  The Court will agree to

allow Defendant to look for a job but only under close supervision from Defendant's PTSO. Defendant must provide his PTSO with a list of the names and phone numbers of each of the potential employers he intends to visit and the date and time he will talk with each potential employer. The PTSO will then allow Defendant to be released from electronic monitoring to visit with the potential employers. On any given work day (Monday through Friday), Defendant shall only be allowed to be released from electronic monitoring to seek employment for no more than three hours between 7:00 a.m. and 3:00 p.m. The PTSO shall promptly contact each potential employer, shortly after Defendant has met with them, to confirm that Defendant, in fact, has made contact with them seeking employment; the date Defendant contacted them; and approximately how long each potential employer talked with Defendant.

Subject to the above conditions, the Court will grant Defendant's Motion and modify his home incarceration to home detention, with all other conditions, including electronic monitoring, remaining in effect. Defendant will be restricted to his residence at all times, except for those times specifically approved by Defendant's PTSO for the sole purpose of Defendant seeking employment.

IT IS THEREFORE ORDERED THAT:

1.      Defendant's Motion to Modify Conditions of Release (docket entry #46) is GRANTED.

2.      The Court's May 11, 2006 Order Setting Conditions of Pretrial Release (docket entry #32) is MODIFIED to impose home detention. Defendant is restricted to his residence at all times, except for those times approved by Defendant's PTSO, for the sole purpose of Defendant seeking employment. Defendant's PTSO shall closely supervise and monitor Defendant's efforts to obtain employment in accordance with the terms and conditions of this Order.

3.      All other conditions of the Court's May 11, 2006 Order Setting Conditions of Pretrial

Release (docket entry #32), including electronic monitoring, shall remain in effect.

Dated this 16th day of August, 2006.

_____
UNITED STATES MAGISTRATE JUDGE